UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOEL WARNER,

Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

Defendant.

Civil No. 09-570-HA

ORDER

HAGGERTY, District Judge:

On January 21, 2010, pursuant to a stipulation by the parties, this court entered a Judgment remanding this matter to the Commissioner for further proceedings. After the remand, plaintiff was awarded benefits.

On April 13, 2010, this court awarded plaintiff a fee award of $5,658.03 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff's counsel also received $5,067.00 for his work before the agency in the case. Mem. in Supp. of Mot. for Att'y Fees ("Mem.") at 1. Plaintiff's counsel now moves for a fee award from plaintiff's retroactive benefits in the amount of $23,686.97. *Id.* Although defendant does not object to the proposed award, this court is required to perform an independent check to ensure that the award is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

1 - ORDER

## ANALYSIS

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund the smaller of the two payments to the claimant. *Gisbrecht*, 535 U.S. at 796.

### A. Fee Agreement

Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Plaintiff's counsel and his client executed a fee agreement providing that counsel's fee following a favorable outcome from a court would equal twenty-five percent of any past-due benefits received. Doc. 25-5. The terms of this agreement are within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed § 406(b)'s twenty-five percent ceiling. Counsel presents three agency award letters indicating that $34,412.00 ($22,989.50 + $5,711.25 + $5,711.25 = $34,412.00) was withheld from checks issued to plaintiff and plaintiff's children to reflect counsel's request for a twenty-five percent fee award. Doc. 25-2, 25-3, 25-4. Counsel now seeks approval of a fee award of $23,686.97. By the court's calculation, this number reflects the total amount withheld minus the EAJA and administrative fee awards ($34,412.00 - $5,658.03 - $5,067.00 = $23,686.97).

2 - ORDER

Fee agreements that do not result in an award exceeding twenty-five percent of the benefits awarded to the claimant may be upheld if it can be determined that the fee agreement is reasonable. *Gisbecht*, 535 U.S. at 807. This court notes with approval the careful analysis provided by Magistrate Judge Acosta, who recognized that "a twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Comm'r*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). The court must therefore analyze the reasonableness of the fee sought.

### B. Reasonableness factors

The burden rests with the claimant's counsel to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. Although the court must acknowledge the "primacy of attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" can be rejected. *Id.* at 793, 807. The court may reduce a contingent fee if the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time the attorney spent on the case. *Id.* at 808. In making this determination, the court should consider: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009).

#### 1. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The record in this case

provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation. Plaintiff's counsel presented sound arguments in his Opening Brief that persuaded defendant to stipulate to a remand. Plaintiff's counsel zealously advocated for his client and presented his client's arguments thoroughly.

### 2. Results Achieved

Plaintiff's counsel obtained a remand order, based on a stipulation from the defendant, that required the Commissioner to re-evaluate plaintiff's impairments and residual functional capacity. Plaintiff's counsel obtained a successful result in this case. However, this fact should not be viewed in isolation and does not require a fee award for the full twenty-five percent. *See Dunnigan*, 2009 WL 6067058, at *12.

### 3. Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to the claimant's counsel. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. Plaintiff's counsel received three extensions for filing plaintiff's application to proceed *in forma pauperis*, and one thirty-day extension for filing an opening brief on behalf of his client. No evidence in the record suggests that these requests were intended to improperly delay this case. Accordingly, a reduction of counsel's fee request is unwarranted under this factor.

### 4. Proportionality

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Plaintiff's counsel's efforts in litigating this application for Social Security benefits led to a stipulated remand order and a substantial award for his client. Counsel claims to have worked 35.35 hours on the case, but did not substantiate his claim with any billing records. Mem. at 2. Counsel also asserts that the total retroactive benefits award equals $141,358.50. *Id.* at 1. However, this figure is not consistent with the award letters submitted by counsel. *See* Doc. 25. (indicating that $34,412.00 represents twenty-five percent of plaintiff's past-due benefits, which would make the total award $137,648.00).

The court recognizes that counsel undertook some risk in agreeing to represent plaintiff on a contingency basis, but finds that a downward adjustment from the twenty-five percent cap is warranted to prevent a disproportionate windfall. The court bases its decision on defendant's lack of opposition to the remand and the substantial size of the benefits award in comparison to the time spent on this case. Fortunately, the requested fee in this case reflects an appropriate downward adjustment. Counsel's requests an award of $23,686.97 represents approximately seventeen percent of plaintiff's retroactive benefits. After examining the record and the relevant *Gisbrecht* factors, the court concludes that counsel's requested fee award is reasonable.

## CONCLUSION

For the reasons stated, counsel's Motion for Attorneys Fees [25] is granted. Counsel is entitled to $23,686.97 in fees. Counsel's EAJA fee award of $5,658.03 must be subtracted from the § 406(b) fee award.

IT IS SO ORDERED.

DATED this ___ day of March, 2011.

                                                    Ancer L. Haggerty
                                                    United States District Judge